RECEIVED

DAVID BEHAR
403 Water Street
Temple, PA 19560
Tel: 610.389.1716
Email: dbehar322@gmail.com

APR 2 8 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

*Plaintiff In Propria Persona*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DAVID BEHAR,

                Plaintiff,

v.

PHILIP MURPHY, in his official capacity as
Governor of the State of New Jersey; and
PATRICK J. CALLAHAN, in his official
capacity as State Director of Emergency
Management and as Superintendent of the
New Jersey State Police,

                Defendants.

Civil Action No. _____

## COMPLAINT

    Plaintiff DAVID BEHAR ("Plaintiff"), for his Complaint against defendant PHILIP

MURPHY in his official capacity as Governor of New Jersey (the "Governor") and against

defendant PATRICK J. CALLAHAN in his official capacity as State Director of Emergency

Management and as Superintendent of the New Jersey State Police ("Defendant Callahan")

(collectively, "Defendants"), hereby alleges as follows:

### PRELIMINARY STATEMENT

    1.    This is an action seeking a declaratory judgment and a preliminary and permanent

injunction preventing Defendants from taking any action to implement or enforce Executive

Order No. 107 and its subsequent executive and administrative orders (the "New Jersey Orders"), which were issued by the Governor on March 21, 2020, to the extent that it prohibits travel and seasonal guest house rentals without just compensation.

2.      A novel coronavirus has caused a pandemic illness that is spreading throughout the world, including the United States and the State of New Jersey. Public officials are taking action to attempt to contain and mitigate this illness. It is unclear how long it will take for this pandemic illness to run its course. Estimates have ranged from one month to 18 or more months.

3.      In response, despite the fact that there are far more serious contagious epidemics in the United States and in the State of New Jersey, and despite the fact that it remains unknown what the true denominator of the mortality rate of novel coronavirus is, and despite the fact that other jurisdictions have had complete success in eradicating the coronavirus simply by quarantining those who tested positive for the illness while allowing all others to go about their lives as usual, Defendants, through a series of Executive Orders and their subsequent administrative amendments (the "New Jersey Orders"), shut down all non-essential businesses, required citizens to stay at home, and prohibited travel to certain areas. An unknown, but substantial fraction of essential workers allowed to travel are positive for the virus. Half will have no symptoms. These will travel to their jobs providing intimate care to vulnerable, frail, elderly populations. These will handle groceries and liquor bottles to be picked up by many buyers. These essential, asymptomatic workers, that have not been tested but are positive for the corona virus will spread the virus. They will do so as if there were no futile travel restrictions. Their infected charges and customers will spread their infections throughout their institutions, workplaces, and families.

4.      Plaintiff owns property located at 9600 Atlantic Ave., Margate, NJ 08402 (the "Property"). For years, Plaintiff has rented the Property to a tenant for seasonal usage from Memorial Day through Labor Day for $26,000.00.

5.      Due to the New Jersey Orders, Plaintiff has been forced to return the deposit on the rental to the tenant and cancel the rental, since the New Jersey Orders prohibit seasonal rentals of guest houses.

6.      The source of authority for the Governor to issue the New Jersey Orders is N.J.S.A. App. A:9-34, which reads:

> **App.A:9-34. Emergency powers of Governor**
> The Governor is authorized to utilize and employ all the available resources of the State Government and of each and every political subdivision of this State, whether of men, properties or instrumentalities, and to commandeer and utilize any personal services and any privately owned property necessary to avoid or protect against any emergency subject to the future payment of the reasonable value of such services and privately owned property as hereinafter in this act provided.

7.      As a direct and proximate result of the New Jersey Orders, the Property has effectively lost all of its economic value, thereby entitling Plaintiff to just compensation. Plaintiff has lost possession of the Property, since he cannot rent it, reach it, nor enter it.

## PARTIES

8.      Plaintiff David Behar, M.D. is a resident of Pennsylvania and owns a property located at 9600 Atlantic Ave., Margate, NJ 08402 ("the New Jersey property").

9.      Defendant Philip Murphy is the Governor of New Jersey and, as such, is responsible, in whole or in part, for the implementation and enforcement of the laws and policies complained of herein. Governor Murphy is sued in his official capacity.

10.     Defendant Patrick J. Callahan is the State Director of Emergency Management and the Superintendent of the New Jersey State Police.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343.

12. Plaintiff seeks remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

13. This Court has jurisdiction over Defendants because Defendants are residents of New Jersey.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside within the judicial district, and it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## EXECUTIVE ORDER NO. 107 AND SUBSEQUENT ORDERS

15. On March 21, 2020, Defendant Governor Murphy issued Executive Order No. 107, which in pertinent part ordered that:

> 22. In accordance with N.J.S.A. App. A:9-33, et seq., as supplemented and amended, the State Director of Emergency Management, who is the Superintendent of State Police, through the police agencies under his control, to determine and control the direction of the flow of vehicular traffic on any State or interstate highway, municipal or county road, and any access road, including the right to detour, reroute, or divert any or all traffic and to prevent ingress or egress from any area that, in the State Director's discretion, is deemed necessary for the protection of the health, safety, and welfare of the public, and to remove parked or abandoned vehicles from such roadways as conditions warrant.

16. Penalties for violations of Executive Order No. 107 include imprisonment for a term not to exceed 6 months and/or a fine not to exceed $1,000.00. N.J.S.A. App. A:9-49.

17. On April 4, 2020, Defendant Callahan issued Administrative Order No. 2020-8 which amended Executive Order No. 107 to allow municipalities and counties to impose

additional restrictions in response to the coronavirus pandemic on the ability of hotels, motels, guest houses, or private residences. This Administrative Order has directly led to Plaintiff losing the ability to rent out, to travel to, and to possess the Property.

### THE POLITICAL RATIONALE FOR THE EXECUTIVE ORDER

18.     Shutdowns were all started by Democratic governors, in an election year. Republican governors followed because of a flocking effect. They did so to destroy the achievements of the Trump administration, including a high stock market and low unemployment rate. This ordinary cold virus was a pretextual use of the law.

19.     The sensational media coverage resulted in the violation of the anecdotal fallacy. Violations of any formal fallacy are irrational. One can put each crash in the headlines with descriptions of the sufferings of the victim and of his family to scare people about driving. It is unethical for journalists to not present the fact that people drove a billion miles for each of those horrific events, and that many lesser crashes took place. Under those circumstances it would be likewise irrational to ban driving. Similarly, if an old lady fell and cracked her skull with her brains visible on the sidewalk, it would be irrational to ban walking.

20.     Demands for mass testing before reopening the economy, when statistically valid sampling is sufficient, are irrational and unsupported by science.

### CLOSURE UNDERMINES GOVERNMENT INTENT AND THE PUBLIC WELFARE

21.     The jurisdictions with the most Draconian lockdown measures have had the greatest number of deaths. Sweden and the New York City area have the same population and Stockholm has a greater population density than New York City. But Sweden has had no shutdown and a tenth the amount of deaths as New York City. The shutdown itself may have killed ten thousand New Yorkers.

22.    The lockdown of young people who do not get sick delays the development of population immunity.  Infected young people could also donate more plasma with antibodies to save very sick, vulnerable patients.  It is striking that the jurisdictions with the strictest shutdowns have the most cases. The politically- and rent-seeking-motivated shutdown is the cause of high case numbers.

## COUNT ONE – DECLARATORY JUDGMENT

23.    Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

24.    The Fifth Amendment provides that "property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V.

25.    This Fifth Amendment's takings clause applies against the State of New Jersey under U.S. CONST. amend XIV.

26.    Executive Order No. 107 and Administrative Order No. 2020-8 prohibit Plaintiff from renting the New Jersey property, thereby completely depriving Plaintiff of all economically beneficial use and value of the Property.

27.    The New Jersey Orders manifest a taking of Plaintiff's property in contravention of the protections afforded by the United States Constitution.

28.    The New Jersey Orders further violate the United States Constitution by prohibiting ingress and egress from Plaintiff's Property as well as to engage in interstate travel.

///

///

///

///

- 6 -

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

1.     Declaratory judgment that the New Jersey Orders violate the Fifth and Fourteenth Amendments as well as the Commerce Clause to the extent that they operate to flatly prohibit travel and seasonal guest house rentals;

2.     A preliminary and/or permanent injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from enforcing Executive Order No. 107 to the extent that it operates to flatly prohibit travel and seasonal guest house rentals;

3.     Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

4.     Such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted,

Dated:  April 20, 2020

By:   /s/ DAVID BEHAR
      David Behar

*Plaintiff In Propria Persona*